**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ALLSTATE INSURANCE COMPANY,**

                          **Plaintiff,**

v.                                                    **16-CV-303G(Sr)**

**ELECTROLUX HOME PRODUCTS, INC.,**

                          **Defendant.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Frank P. Geraci, Jr., in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #6.

Currently before the Court is defendant's letter seeking resolution of a dispute regarding fees demanded by plaintiff's proffered expert, Michael Stoddard, in advance of his deposition and for an extension of time to complete that deposition in this action alleging that the fire at the residence of plaintiff's insured was caused by the defective design of defendant's dryer. Dkt. #23. According to the letter, Mr. Stoddard is demanding $475 per hour notwithstanding the fact that his employer charges his own clients between $150 and $275 per hour for his professional time. Dkt. #23. In support of this argument, plaintiff attaches a copy of a deposition transcript from a co-worker of Mr. Stoddard who testified that Mr. Stoddard billed "[a]nywhere from one-fifty to 275." Dkt. #23-9, p.5. Defendant seeks a determination that the expert may not bill at a rate higher than $275 per hour. Dkt. #23.

In response, counsel for Mr. Stoddard submits a letter advising that

> Plaintiff's expert, Michael Stoddard, has a standing rate for testimony in the amount of . . . $1,900.00 for a half-day of testimony, and . . . $3,800.00 for a full day of testimony. Mr. Stoddard has not and has never demanded . . . $475 per hour for his testimonial services . . .

Dkt. #27. Moreover, counsel states that

> For testimonial services, Mr. Stoddard charges his own clients the same rate which he is charging the Defendant in this action. Additionally, this rate has been charged in numerous matters throughout the United States, and [defense counsel] is the only attorney, even amongst attorneys representing Electrolux in other actions, who has objected to this rate. In fact, Electrolux attorneys across the country have repeatedly paid Mr. Stoddard the testimonial rate quoted, and Mr. Stoddard has repeatedly and continually charged his own clients the testimonial rate at issue.

Dkt. #27. Counsel explains that the flat fee is charged to reflect Mr. Stoddard's inability to undertake other work on the half-day or day a deposition is scheduled. Dkt. #27. Counsel further explains that Mr. Stoddard charges different rates depending upon whether he is providing evidence intake at his laboratory; providing investigative services; or providing testimonial services as each of those items required a different level of acumen. Dkt. #27.

In reply, defendant submits a letter arguing that plaintiff has failed to meet its burden of demonstrating that the fee sought is reasonable and reiterates its complaint that Mr. Stoddard should not be permitted to demand a flat fee equal to $475 per hour. Dkt. #28.

Fed. R. Civ. P. 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R.

Civ. P. 26(b)(4)(E) provides that

> Unless manifest injustice would result, the court must require that the party seeking discovery: (I) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . .

"The rule and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively – that is, after the deposition has taken place." *Conte v. Newsday, Inc.*, No. CV 06-4859, 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011).

The underlying purpose of Rule 26(b)(4)(E) "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." *New York v. Solvent Chemical Co., Inc.,* 210 F.R.D. 462, 468 (W.D.N.Y. 2002), *quoting Goldwater v. Postmaster General*, 136 F.R.D. 337, 339 (D.Conn.1991). "In implementing this rule, courts aim to calibrate the fee so that [parties] will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (internal quotation omitted).

"Courts expect some reasonable relationship between the services rendered and the renumeration to which an expert is entitled." *Id.* at 375 (internal quotation omitted). "By its nature, a flat fee runs counter to this principle." *Id.* However, "the expert certainly should be reimbursed for any time during which he was unavailable to do other work." *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995).

Accordingly, the Court agrees that defendant should be required to compensate plaintiff's expert witness for the amount of time the expert witness is asked to reserve for the deposition. As defense counsel recognizes, the expert should also be compensated for time spent preparing for a deposition. *Solvent Chem. Co.*, 210 F.R.D. at 471. The Court will not direct advance payment. *See Johnson v. Spirit Airlines, Inc.*, No. CV 07-1874, 2008 WL 1995117 (E.D.N.Y. 2008) (expert witness "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do; he may instead charge only a reasonable hourly fee.").

"While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." *Reit v. Post Props., Inc.*, No. 09 Civ. 5455, 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010). Courts consider the following factors in assessing the reasonableness of a requested fee: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters. *Broushet v. Target Corp.*, 274 F.R.D. 432, 433 (E.D.N.Y. 2011). The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. *Solvent Chem. Co.*, 210 F.R.D. at 468.

Mr. Stoddard's deposition shall be completed no later than **June 15, 2018.** In the event that the parties cannot come to agreement as to an appropriate fee for Mr. Stoddard's testimony, a motion shall be filed no later than **July 20, 2018.** Any such motion shall be supported by affidavit and exhibits addressing the issues set forth above and demonstrating the parties' good faith effort to resolve the issue. Dispositive Motions shall be filed no later than **August 17, 2018.**

**SO ORDERED.**

DATED:	Buffalo, New York
	April  16, 2018

	 s/ H. Kenneth Schroeder, Jr. 
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**